**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CHASTIDI CORREA,  )
an individual,  )
 )
    Plaintiff,  )
 )
vs.  )  **CASE NO.:**
 )
BAER'S FURNITURE CO., INC.,  )
a Florida Corporation,  )
 )
    Defendant.  )
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CHASTIDI CORREA, by and through her undersigned counsel, hereby files this Complaint and sues BAER'S FURNITURE CO., INC., a Florida Corporation for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for damages and declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, CHASTIDI CORREA, (hereinafter referred to as "Ms. Correa") is a resident of the state of Florida in Broward County.

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff was severely injured in a workplace accident in 2012 affecting her lower back and elbow. As a result she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a walker for mobility[1].

6. Defendant, BAER'S FURNITURE CO., INC. (hereinafter referred to as Defendant) is a Florida Profit Corporation registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, a furniture store, which is the subject of this action, to wit: Baer's Furniture generally located at 13630 Pines Blvd, Pembroke Pines, FL 33027 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida, Broward County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a furniture store which is open to the public, is a place of public accommodation subject to the ADA.

10. Plaintiff visited the property several times over the last few months and plans to visit again in the near future.

---

[1] Plaintiff is capable of walking short distances without assistance on "good" days.

11. During her most recent visit in mid-July, 2016, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

    A. Plaintiff encountered numerous inaccessible disabled use parking spaces throughout the Property due to excessive slopes, pavement in disrepair and curb ramps which improperly protrude into parking space access aisles.

    B. Additionally, many of the disabled use parking spaces throughout the Property have inadequately narrow dimensions.

    C. Plaintiff encountered dangerously inaccessible curb ramps throughout the Property due to excessive slopes, steep side flares and which failed to provide smooth transitions.

    D. Plaintiff encountered inaccessible sidewalks and routes throughout the Property due to pavement in disrepair and excessive slopes.

    E. Plaintiff encountered an inaccessible entrance to the Baer's store due to a slope that leads directly to the door and a lack of a level landing at the door.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with

        disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.     That this Court awards such other and further relief as it deems necessary, just and proper.

Date: July 26, 2016.

Respectfully Submitted,

KU & MUSSMAN, P.A.
6001 NW 153rd Street, Suite 100
Miami Lakes, Florida 33014
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com


By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq.
(FL Bar #: 597155)
Brian T. Ku, Esq.
(FL Bar # 610461)

5